**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| SHEKITA C. DYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-cv-01454 (ABJ) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Plaintiff Shekita C. Dyson brings this lawsuit under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, the District of Columbia Human Rights Act of 1977, D.C. Code §§ 2-1401.01, *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a, against the District of Columbia ("defendant"), alleging that she was subjected to sexual harassment during the course of her employment. [1]  The complaint alleges that plaintiff was subjected to unwelcome advances from a higher ranking employee, which escalated from uncomfortable personal questions and invitations to entirely improper overt sexual solicitations.

---

1    Defendant points out that the complaint does not include the elements of a sexual harassment claim based on a *quid pro quo* theory, and it does not appear to the Court from its reading of the complaint that plaintiff is pursuing that theory.  Def.'s Mot. Dismiss at 10–12. Defendant also argues that plaintiff has not made out a sexual harassment claim on a hostile work environment theory, since she does not allege that she reported the offensive conduct to her superiors, and she did not even bring up the subject when she was summoned to a meeting with the department's Diversity Manager in May of 2007.   *Id*. at 11–12 (arguing that "[p]laintiff failed to take advantage of the employer's published anti-harassment preventive or corrective measures or avoid harm otherwise.").  But this does not go to the sufficiency of plaintiff's claim on its face; defendant is essentially asserting the avoidable consequences doctrine, which is an affirmative defense.  *See Fred A. Smith Mgmt. Co. v. Cerpe*, 957 A.2d 907, 913–14 (D.C. 2008) (stating elements of cause of action).  *Lively v. Flexible Packaging Ass'n*, 830 A.2d 874, 889 (D.C. 2003) (en banc); *Joyner v. Sibley Mem'l. Hosp.*, 826 A.2d 362, 372 n. 11 (D.C. 2003).

Defendant filed a motion to dismiss and a supplemental motion to dismiss or, in the alternative, for summary judgment. [Dkt. # 4 and # 8/14]. As plaintiff's federal claims – whether they suffice to state a plausible claim for sexual harassment or not – are time barred, defendant's motions will be granted with respect to the Title VII claims, and the state law claims will be dismissed without prejudice.

## BACKGROUND

In July 1997, plaintiff began working for the District of Columbia Fire and Emergency Medical Service as an emergency medical technician. Compl. ¶ 11. Plaintiff was frequently assigned to Ambulance 27, Battalion 2, where Lieutenant James Clem ("Lt. Clem") worked as an officer. *Id.* ¶¶ 12–13. While it is unclear from the complaint whether Lt. Clem was plaintiff's direct supervisor, he outranked her, and he was authorized to discipline her and approve her overtime. *Id.* ¶ 13.

Initially, plaintiff claims that she and Lt. Clem had a normal working relationship and "engaged in the usual firehouse banter akin to the typical conversations one has with their co-workers." *Id.* ¶ 14. In "early 2007," this changed when Lt. Clem began "indelicately" asking plaintiff about her personal relationships, family life, and financial affairs. *Id.* Lt. Clem would call plaintiff from his personal phone to offer overtime work but these conversations would turn into personal calls. *Id.* ¶ 15. During these conversations, Lt. Clem asked plaintiff to go on a date with him, offered her money, and volunteered to pay her car loan. *Id.* ¶ 15–17. Plaintiff repeatedly told Lt. Clem that she was not romantically interested in him and that he should stop calling her. *Id.* ¶ 16.

In "March/April 2007," Lt. Clem's behavior escalated. Plaintiff claims that he called her at home and told her that he "knew where she lived." *Id.* ¶ 24. In March 2007, Lt. Clem

allegedly sent her a picture of his penis with his cell phone. *Id.* ¶ 25. According to plaintiff, he also made lewd sexual remarks, including asking plaintiff whether "she thought his penis was big enough; whether she had ever had sexual intercourse [and oral sex] with a white man . . . [and] that he wished to have oral sex with her." *Id.* ¶ 27. Plaintiff claims that Lt. Clem continued to call and text message her, on average, five to eight times per day to offer her overtime work, but she refused because "she could not bring herself to work for or with him." *Id.* ¶¶ 30–31.

Despite plaintiff's repeated requests that Lt. Clem leave her alone, the complaint alleges that he continued the offensive behavior "until May 2007." *Id.* ¶ 32; Pl.'s Opp. to Def.'s Supplement to Mot. Dismiss ("Pl.'s Supp. Opp.") at Ex. 5. Plaintiff alleges that around that time, Lt. Clem underwent questioning by the D.C. Metropolitan Police Department about other allegations of misconduct. Compl. ¶ 32. Even after this point, however, plaintiff received numerous "crank phone calls" at the firehouse, which she believes were from Lt. Clem. *Id.* ¶ 45. At some unspecified date in 2007 or 2008, Lt. Clem was laterally transferred to a different department. *Id.* ¶ 41. On August 29, 2008, plaintiff states he was charged and found guilty by DCFEMS, although the complaint does not specify whether these charges involved her situation or something else entirely. *Id.* ¶ 42.

On April 16, 2008, plaintiff filed a charge of discrimination with the D.C. Office of Human Rights. Pl.'s Supp. Opp. at Ex. 4. On April 16, 2008, plaintiff also filed an official complaint with the United States Equal Employment Opportunity Commission ("EEOC"), which

was received on April 17, 2008. Pl.'s Opp. to Def.'s Mot. to Dismiss ("Pl.'s Opp.") at 5; Pl.'s

Supp. Opp. at Ex. 5.[2]

On May 28, 2010, EEOC issued plaintiff a right to sue letter. Pl.'s Opp.; Pl.'s Supp.

Opp. at Ex. 1. On August 26, 2010, plaintiff filed the instant lawsuit.

## LEGAL STANDARD

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *see also Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded

factual content "allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Iqbal, 129* S. Ct. at 1949. "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' 'that the

pleader is entitled to relief.'" *Id*. at 1950, quoting Fed. R. Civ. P. 8(a)(2). A pleading must offer

more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of

action," *id*. at 1949, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

When considering a motion to dismiss under Rule 12(b)(6), the complaint "is construed

liberally in [plaintiff's] favor, and [the Court should] grant [plaintiff] the benefit of all inferences

---

2       Plaintiff and defendant disagree as to whether the initial filing was with EEOC or
DCOHR, but due to the work-sharing agreement between the agencies, this point is not material
and does not change the outcome of this case. For purposes of calculating the statute of
limitations period, the Court will use the date that plaintiff signed and dated the EEOC and
DCOHR charges of discrimination.

that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *See id.*; *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

In ruling upon a motion to dismiss, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted). If, however, "matters outside the pleadings are presented to and not excluded by the court, the motion [to dismiss] must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see Highland Renovation Corp. v. Hanover Ins. Grp.*, 620 F. Supp. 2d 79, 82 (D.D.C. 2009) (holding that whether plaintiff's claim was time barred was a "discrete legal issue" that the court may decide in a converted motion to dismiss "without providing notice or the opportunity for discovery to the parties.") (internal citations omitted).

## ANALYSIS

### I.      Title VII Claims

Plaintiff claims that defendant subjected her to sexual harassment in violation of Title VII. 42 U.S.C. § 2000e-5(e)(1). Defendant moves to dismiss these claims as barred by Title VII's statute of limitations. Under Title VII, a charge of discrimination must be filed with the EEOC within 180 days after the alleged unlawful employment practice occurred. *Id.* But if a complainant initially institutes proceedings with a state or local agency with authority to grant or seek relief from the unlawful employment practice, the charge must be filed within 300 days after the alleged unlawful employment practice occurred. *Id.*

In this case, plaintiff's complaint expressly states that "Lt. Clem's behavior did not cease until May 2007." Plaintiff filed a charge with the D.C. Office of Human Rights ("DCOHR") on April 16, 2008, Pl.'s Supp. Opp. at Ex. 5,[3] and she filed a charge of discrimination with the EEOC that was received the next day: April 17, 2008. *Id.* at Ex. 4. Compl. ¶ 31. In both the DCOHR and the EEOC charges, plaintiff specified that the harassing behavior stopped on May 15, 2007. Pl.'s Supp. Opp. at Ex. 5 and 6. Assuming that the longer 300-day time period applies because plaintiff first instituted proceedings with DCOHR, plaintiff's deadline for filing with the state agency was March 12, 2008. Plaintiff did not file her charge of discrimination until April 17, 2008, which is 38 days after the filing deadline.[4] Thus, her Title VII claims are untimely. *See Bailey v. Verizon Commc'ns, Inc.*, 544 F. Supp. 2d 33, 38 (D.D.C. 2008) (dismissing plaintiff's Title VII claim for failure to have filed her EEOC charge within the requisite 300-day time period); *Akonji v. Unity Healthcare, Inc.*, 517 F. Supp. 2d 83, 91 (D.D.C. 2007) (holding

---

3    Exhibits such as the EEOC and DCOHR documents attached to plaintiff's opposition may be considered in deciding the motion to dismiss because "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case . . . may be considered by the district court without converting the motion into one for summary judgment." 5B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, *Federal Practice and Procedure* § 1357, at 376 (3d ed. 2004); *see also Baird v. Snowbarger*, 744 F. Supp. 2d 279, 288 n. 2 (D.D.C. 2010), citing *Rogan v. Giant Eagle, Inc.,* 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000) ("It is clear to us that under the applicable legal standard we may consider the EEOC charge and related EEOC documents, including the letter from the EEOC summarizing its investigation, the right to sue letter, and the intake questionnaire, either as undisputed documents referenced in the complaint or central to the plaintiff's claim, or as information which is a matter of public record, without converting this motion to one for summary judgment.").

4    The fact that the EEOC issued a right to sue letter does not change the fact that plaintiff filed after the statute of limitations has passed. *Musgrove v. District of Columbia*, 775 F. Supp. 2d 158, 164, 168 (D.D.C. Apr. 7, 2011) (granting summary judgment for defendant because plaintiff filed her EEOC complaint after the statute of limitations had run despite receiving a right to sue letter).

that Title VII's limitations period barred plaintiff's sexual harassment claims based upon alleged

incidents which occurred more than 300 days before plaintiff filed her complaint).

Plaintiff points out that that she first contacted the EEOC on December 17, 2007, prior to

officially filing her charge on April 17, 2008. Pl.'s Supp. Opp. at 16 and Ex. 2 (EEOC intake

questionnaire). She cites *Estenos v. PAHO/WHO Fed. Credit Union*, 952 A.2d 879 (D.C. 2008),

for the proposition that the statute of limitations is tolled while the complaint is pending at the

EEOC. But the intake questionnaire is not the equivalent of filing a complaint of discrimination

with the EEOC, and therefore, it does not toll the statute of limitations. *See Park v. Howard*

*Univ.*, 71 F.3d 904, 908 (D.C. Cir. 1995) (intake questionnaire completed for predecessor to

DCOHR "is not the same as an EEOC charge"), citing *Hodges v. Nw. Airlines, Inc.*, 990 F.2d

1030, 1032 (8th Cir. 1992) (holding that an unsworn EEOC questionnaire "did not constitute a

valid charge under Title VII" until it was signed under oath). Thus, plaintiff's Title VII claim is

time-barred and will be dismissed.[5]

---

5       In connection with her Title VII claim, plaintiff also invokes 42 U.S.C. § 1981a "for
relief from discrimination and sexual harassment." Compl. ¶ 1. Defendant argues that these
claims should be dismissed because "plaintiff fails to state a claim because Plaintiff's
employment arises from public appointment rather than a contractual relationship." Def.'s Mot.
Dismiss at 9. But defendant confuses section 1981a with 42 U.S.C. § 1981(a), which is an
entirely different statute prohibiting discrimination in the making and enforcement of contracts.
*See McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 295 (1976). Section 1981a, on the
other hand, provides remedies for claims brought under certain sections of the Civil Rights Act
of 1964, including Title VII. 42 U.S.C. § 1981a; *see Rivera Concepcion v. v. Puerto Rico,* 682
F. Supp. 2d 164, 172 (D. Puerto Rico 2010); *Orria-Medina v. Metro. Bus Auth.*, 565 F. Supp. 2d
285, 315–16 (D. Puerto Rico 2007).
        Plaintiff clarifies that she is not asserting an independent cause of action under section
1981a but rather that it is referenced in her complaint as part and parcel of her Title VII claim.
Pl.'s Opp. to Def.'s Mot. Dismiss at 19. Given that the Court has already dismissed plaintiff's
Title VII claims as untimely and that section 1981 provides only a remedy and does not create an
independent cause of action, there are no "claims" under either section 1981a or 1981(a) for the
Court to dismiss.

**II.     D.C. Human Rights Act Claims**

Plaintiff also brings claims under the D.C. Human Rights Act ("DCHRA").  Because all of the federal claims in this case have been dismissed, the Court no longer has original jurisdiction over the case and will decline to exercise supplemental jurisdiction over the DCHRA claims.  District courts are given supplemental jurisdiction over state claims that "form part of the same case or controversy" as federal claims over which they have original jurisdiction.  28 U.S.C. § 1367(a).  In its discretion, the Court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  § 1367(c)(3).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988); *see Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1267 (D.C. Cir. 1995).  Here, the Court declines jurisdiction because this litigation no longer raises any federal questions and the remaining issues are best resolved by the state court.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss will be granted with respect to plaintiff's claims under Title VII. The Court declines to exercise supplemental jurisdiction over the remaining claims under the District of Columbia Human Rights Act. These claims will be dismissed without prejudice.

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: August 31, 2011